(152 App. Div. 695.)

### FERGUSON v. TURNER CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1912.)

MASTER AND SERVANT (§ 278*)—DEATH OF WORKMAN—FALL OF TIMBER—
    NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for death of workman on a building, caused by the falling 'of timber, evidence *held* insufficient to warrant a finding of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Richmond County.

Action by George Ferguson, as administrator of Carl T. Ferguson, against the Turner Construction Company and another.  From an order granting plaintiff a new trial (76 Misc. Rep. 333, 135 N. Y. Supp. 256), defendant company appeals.  Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Frederick Hulse, of New York City (Martin A. Schenk, of New York City, on the brief), for appellant.

James Burke, Jr., of New Brighton, Staten Island, for respondent.

BURR, J.   No one saw what caused the timber to fall which struck plaintiff's decedent and caused his death; nor are there any circumstances from which an inference may be drawn in regard thereto.  It may have been due to his own carelessness in striking it.  It may have been due to the carelessness of his fellow workmen.  They were employés of other contractors than defendant engaged at work upon the building when the accident occurred.  There is no evidence as to the part of the building at which they were then occupied.  In the absence of evidence that they were not in the vicinity of the falling timber, an essential element in plaintiff's case is wanting; for there is evidence that when they had an opportunity to do so they made use of these timbers for their own purposes.  It would be pure speculation upon the part of a jury to attempt to decide which set of workmen were responsible for its fall.

The learned trial justice seemed to concede that defendant's negligence was not established at common law, but thought that it was under the provisions of the Labor Law (Consol. Laws 1909, c. 31), relating to employers' liability, which makes the master liable for the negligence of one in the service of the employer and "intrusted by him with the duty of seeing that the ways, works, machinery, or plant were in proper condition," and for the negligence of any person in his service "intrusted with any superintendence, or by reason of the negligence of any person intrusted with authority to direct, control or command an employé in the per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

137 N.Y.S.—29

formance of the duty of such employé." Laws of 1910, c. 352, §
1, amending Labor Law (Consol. Laws 1909, c. 31) § 200. He
adds: "In the case at bar it would seem that the occurrence of the
accident and the surrounding circumstances point to the negligence
of the foreman in not observing that the timber in question was
placed in an insecure position near the wellhole, or, if he saw it,
in not removing it, or properly securing it." In view of plaintiff's
testimony that this timber was used for a temporary purpose, and
was shifted every 10 minutes during the progress of the work, it
may be doubted whether this can be said to be part of the "ways,
works, machinery, or plant." It may be that the placing of this
timber in the position in which it was before it fell was a detail
of the work, and not one of superintendence. We need not decide
these questions now. In any event, the master is only liable for
the negligence of his superintendent. Except that from some un-
known cause the timber did fall, there is no evidence that it was
placed in an insecure position. There is no evidence that the su-
perintendent saw the timber placed in an insecure position before
it fell. He was called as a witness by the plaintiff, and testified
that he did not see it before the accident in the vicinity of the well-
hole. There is no evidence as to how long it had been near the
wellhole before the accident happened, or that, in the exercise of
reasonable care, defendant's superintendent should have discovered
it. We think that the motion for a nonsuit was properly granted,
and that the court erred in setting such nonsuit aside and ordering
a new trial.

The order should be reversed, with costs to the appellant. All
concur, except HIRSCHBERG, J., dissenting.